UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED LEASING, INC., <br><br> Plaintiff, <br><br> v. <br><br> XCELERATE AUTO, LLC, <br><br> Defendant. | Case No. 3:22-cv-00076 |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Xcelerate Auto, LLC ("Xcelerate" or "Defendant"), by and through its undersigned attorneys, Foley & Lardner LLP, hereby removes this case from the Vanderburgh Superior Court for the State of Indiana (case number 82D05-2205-PL-001942) to this Court. The factual and legal grounds supporting this Notice of Removal are described below.

1. Xcelerate removes this case to this Court pursuant to 28 U.S.C. § 1441(b). Removal is proper under 28 U.S.C. § 1332(a) when an action involves citizens of different States and the amount in controversy exceeds $75,000. These jurisdictional requirements are satisfied in this action.

**There Is Complete Diversity**

2. Plaintiff United Leasing Inc. ("ULI") filed its Complaint on May 2, 2022. A copy of the Complaint is attached hereto as **Exhibit 2**.

3. ULI is an Indiana corporation with its principal place of business in Indiana. (Compl. ¶ 1.) For purposes of removal, citizenship of a corporation is based on the state under whose laws the entity was organized or where its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1).

4. Xcelerate is a Texas limited liability company with its principal place of business in Texas. (Compl. ¶ 2.)[1] The sole members of Xcelerate are Keith and Alisha Gimbel, both individuals domiciled in Texas. A limited liability company is a citizen of every state of which any of its members is a citizen. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

5. Accordingly, Xcelerate is a citizen of Texas, and ULI is a citizen of the state of Indiana for purposes of 28 U.S.C. § 1332(a)(1).

6. Because Defendant is a citizen only of Texas and Plaintiff is a citizen only of Indiana, complete diversity exists. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (complete diversity exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant").

**The Amount In Controversy Exceeds $75,000**

7. In order to establish subject matter jurisdiction under 28 U.S.C. § 1332(a), "the matter in controversy" must exceed "the sum or value of $75,000, exclusive of interest and costs."

8. Plaintiff seeks $260,579.38 in compensatory damages. (Compl. ¶ 11.)

9. Plaintiff also seeks $1,957.00 in attorney's fees. (Compl. ¶ 11.)

10. Attorney's fees are included in estimating the amount in controversy on removal. *See ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011) (including attorney's fees for work performed prior to filing complaint in calculation).

11. Plaintiff thus seeks more than $75,000 in damages, penalties, and attorney's fees.

---

[1] Plaintiff incorrectly states that Xcelerate is a corporation, but correctly notes that the Xcelerate was formed and maintains its principal place of business in Texas.

12.     Therefore, Defendant has properly removed this class action from the Vanderburgh Superior Court to this Court because:

    a. Plaintiff is a citizen of a different state from Defendant;

    b. The amount in controversy exceeds the sum or value of $75,000.

**Removal Is Timely and The Other Removal Requirements Are Met**

13.     Plaintiff sent the Complaint and Summons to Xcelerate's undersigned attorney on May 5, 2022, but service was not effected until May 12, 2022 when Xcelerate's counsel informed Plaintiff that counsel was authorized to accept service on Xcelerate's behalf.  Even assuming, *arguendo*, that service was effected on May 5, 2022, this Notice is filed timely within the 30-day period for removal under 28 U.S.C. §§ 1446(b)(1).

14.     This action is pending in the Superior Court for Vanderburgh County, Indiana, which is within the judicial district of the United States District Court for the Southern District of Indiana, Evansville Division.  *See* 28 U.S.C. § 94(b)(3).  This Court is thus the proper venue for removal under 28 U.S.C. §§ 1441(a).

15.     After filing this Notice, Defendant will promptly serve written notice of this Notice of Removal on Plaintiff's counsel and notify the Clerk of the Vanderburgh Superior Court, Indiana, in accordance with 28 U.S.C. § 1446(d).

16.     Authentic copies of the state court record are attached to this Notice of Removal as **Exhibit 1**.

WHEREFORE, Defendant Xcelerate Auto, LLC hereby gives notice that the state court action, under Cause No. 82D05-2205-PL-001942, now pending in the Vanderburgh Superior Court for the State of Indiana, is removed to this Court for all further proceedings.

Date: June 1, 2022

By: /s/ Jonathan W. Garlough
Jonathan W. Garlough, #30329-45
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL  60654-5313
Telephone:  (312) 832-5702
Facsimile:   (312) 832-4700
Email:  jgarlough@foley.com

Attorney for Defendant Xcelerate Auto, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2022 a copy of the foregoing document was served by electronic mail and by first-class United States Mail, postage prepaid and properly addressed to:

Paul J. Wallace
JONES WALLACE, LLC
20 N.W. Third Street, Suite 400
P.O. Box 1065
Evansville, IN  47706
pwallace@joneswallace.com
Phone: (812) 402-1600
Fax: (812) 402-7977
Attorney for Plaintiff, United Leasing, Inc.

                                            /s/Jonathan W. Garlough
                                            Jonathan W. Garlough,

4879-3085-3152.2