# EXHIBIT 1

Vanderburgh Superior Court 5

| STATE OF INDIANA | ) |
| | ) SS: |
| COUNTY OF VANDERBURGH | ) |

IN THE VANDERBURGH SUPERIOR COURT

| UNITED LEASING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs | ) |
| | ) |
| XCELERATE AUTO, LLC, | ) |
| | ) |
| Defendant. | ) |

82D05-2205-PL-001942

CAUSE NO. 82D0_-2205-PL-_____

## SUMMONS

**TO ABOVE NAMED DEFENDANT:**    **XCELERATE AUTO, LLC**
**C/O JONATHAN W. GARLOUGH**
**FOLEY & LARDNER, LLP**
**321 NORTH CLARK STREET, SUITE 3000**
**CHICAGO, IL 60654**

You have been sued by the person named "Plaintiff" in the Court stated above.  The nature of the suit against you is stated in the Complaint, which is attached to this document.  It also states the demand which the Plaintiff has made and wants from you.  You must answer the Complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons, or judgment may be entered against you for what the Plaintiff has demanded.  If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer. The following manner of service of summons is hereby designated: **CERTIFIED MAIL.**  If not so designated, the Clerk will cause service to be made by mail.

Date: May 2, 2022
Paul J. Wallace, Attorney No. 989-82
Jones • Wallace, LLC
20 N.W. Third Street, Suite 400
P.O. Box 1065
Evansville, Indiana 47706
Phone:  (812) 402-1600
Attorneys for Plaintiff

Clerk

By_____
Deputy

VANDERBURGH COUNTY COURTS
VC
**SEAL**

## CERTIFICATE OF MAILING

I hereby certify, that on _____, I mailed a copy of this summons and a copy of the Complaint to the Defendant by registered or certified mail, requesting a return receipt signed by the addressee only, addressed to the Defendant, at the address furnished by the Plaintiff.
Dated : _____

Clerk

By_____
Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that service of summons with return receipt requested was mailed on _____, and that a copy of the return receipt was received on the, which copy is attached herewith.
Dated _____

Clerk

By_____
Deputy

## RETURN ON SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within summons:
1.       By delivering personally on _____, a copy of the summons and a copy of the Complaint to the within-named Defendant.
2.       By leaving on _____ for the within-named Defendant a copy of the summons and a copy of the Complaint at the respective dwelling place or usual place of abode with some person of suitable age and discretion whose duties or activities include prompt communication of such information to the person being served.
3.       By leaving on _____, for the within-named Defendant a copy of the summons and a copy of the Complaint at the respective or usual place of business or employment with some person of suitable age and discretion whose usual duties or activities include prompt communication of such information to the person being served.
Whenever service is made on part 2. or 3., there shall be added:
That on _____, I sent by first-class mail a copy of the summons without the Complaint to the within-named Defendant.
Fees:    Summons _____
Mileage _____
Total    _____

Sheriff of Vanderburgh County, Indiana

By_____
Deputy

**XCELERATE AUTO, LLC**
**C/O JONATHAN W. GARLOUGH**
**FOLEY & LARDNER, LLP**
**321 NORTH CLARK STREET, SUITE 3000**
**CHICAGO, IL 60654**

Vanderburgh Superior Court 5

STATE OF INDIANA        )
                                 ) SS:
COUNTY OF VANDERBURGH   )

IN THE VANDERBURGH SUPERIOR COURT

| | | |
|---|---|---|
| UNITED LEASING, INC., | ) | 82D05-2205-PL-001942 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | CAUSE NO. 82D0__-2205-PL-_____ |
| | ) | |
| XCELERATE AUTO, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Comes now Plaintiff, United Leasing, Inc. ("United Leasing"), by counsel, Paul J. Wallace of Jones • Wallace, LLC, and, for its Complaint against Defendant, Xcelerate Auto, LLC ("Xcelerate"), and says:

1.     United Leasing is an Indiana corporation whose principal place of business is 3700 East Morgan Avenue, Evansville, Indiana 47715.

2.     Xcelerate is a corporation organized under the laws of State of Texas whose principal place of business is 3001 Dallas Parkway, Suite 230, Frisco, Texas 75034.

3.     On or about January 31, 2017, Xcelerate, by its President, Alisha R. Gimbel, executed a Referral Agreement with United Leasing.  A true, complete and accurate copy of which is attached hereto as "Exhibit A."

4.     Under the terms of the Referral Agreement, Xcelerate referred three (3) transactions between a borrower named A & W Electronics Corporation ("A & W") whose principal business address was 3600 W. Ray Road, Suite 2049, Chandler, Arizona 85226-7715.

5.      Under the provisions of Paragraph 2 of the Referral Agreement, Xcelerate failed to provide the information relating to or effecting the transaction between United Leasing and A & W and breached its duty to provide all of the information available to Xcelerate in connection with those transactions.

6.      Paragraph 6 contains the following language:

> "If any of the warranties or representations or any other covenant, obligation or duty is breached by Referral Source or the lessee, then, upon ULI's demand, Referral Source will repurchase any lease to which the breach relates.  The repurchase price in each case shall include the unpaid balance of such lease, plus ULI's expenses (including attorney's fees) incurred to enforce the lease or this Agreement."

A&W is in default under each of three (3) Equipment Financing Agreements which were referred by Xcelerate to United Leasing.

7.      Further, Paragraphs 5 and 6 of the Referral Agreement contain representations and warranties by Xcelerate that have been breached to the damage and detriment of United Leasing.

8.      United Leasing has made delivered its notice of deficiencies and default under the Referral Agreement to Xcelerate on January 31, 2017.  Xcelerate has failed and refused to perform its obligations under the Referral Agreement and is in default of the Referral Agreement.

9.      In Paragraph 14, the Referral Agreement provides that the Referral Agreement shall be governed by Indiana law and that jurisdiction and venue of any action under the Referral Agreement shall be in the county of Vanderburgh, State of Indiana.

2

10.     Paragraph 17 of the Referral Agreement provides United Leasing is entitled to receive its attorney's fees, expert witness fees, out-of-pocket costs and any other costs in connection with any dispute or litigation under the Referral Agreement.

11.     United Leasing's damages in this matter are as follows:

A.     Two Hundred Sixty Thousand Five Hundred Seventy-Nine Dollars and Thirty-Eight Cents ($260,579.38);

B.     Attorney fees in the amount of One Thousand Nine Hundred Fifty-Seven Dollars ($1,957.00); and

C.     Fees in the amount of One Hundred Sixty-Five Dollars ($165.00).

WHEREFORE, Plaintiff, by counsel, prays for judgment against Defendant in the sum of not less than Two Hundred Sixty-Two Thousand Seven Hundred One Dollars and Thirty-Eight Cents ($262,701.38) for breach of the Referral Agreement and for all of United Leasing's costs of collection, attorney's fees and legal expenses and such other relief as the Court deems proper in the premises.

Respectfully submitted,

JONES • WALLACE, LLC

By: /s/ Paul J. Wallace
Paul J. Wallace
Attorney No. 989-82
20 N.W. Third Street, Suite 400
P.O. Box 1065
Evansville, Indiana 47706
Phone:  (812) 402-1600
Fax:  (812) 402-7977

Attorneys for Plaintiff, United Leasing, Inc.

# Exhibit A

**United** *Leasing, Inc.*

## "REFERRAL AGREEMENT"

This Agreement sets forth the agreement between United Leasing, Inc. (hereinafter "ULI") and Xcelerate Auto, LLC. (Hereinafter "Referral Source"), with respect to any transactions submitted to ULI by Referral Source. ULI and Referral Source unconditionally agree as follows:

1.    <u>Scope.</u> This Agreement applies to all applications and/or transactions submitted by Referral Source to ULI, until such time as this Agreement is terminated or superseded by another.

2.    <u>Disclosure of Information.</u> Referral Source shall, in connection with each transaction submitted to ULI, disclose to ULI any and all information or knowledge, whether it, positive or negative, fact, rumor, hearsay, gossip, innuendo or common knowledge, which directly or indirectly, might relate to or affect in any way any transaction between the Referral Source and ULI, including, but not limited to, information regarding the proposed lessee and the proposed lessee's credit worthiness, any vendor, and the equipment to be leased. This duty shall survive funding of any transaction and extends to any changes occurring or discovered after the transaction has been submitted.

3.    <u>Documentation.</u> All transactions shall be documented to ULI complete satisfaction in form acceptable to ULI, in ULI sole discretion.

4.    <u>Notices to Applicants.</u> In the event that federal laws and regulations require, with respect to any submitted transaction, that certain notices be provided to proposed lessees, including but not limited to disclosure of the right to request specific reasons for credit denial and notice of action taken and statement of reasons for such, Referral Source warrants that all such notices will have been provided to the proposed lessee, or will be provided at the appropriate time prescribed.

5.    <u>Referral Source Warranties.</u> Referral Source hereby represents and warrants, with regard to each transaction to be submitted to ULI, that all documents provided in connection with each transaction shall be duly executed by the appropriate parties, and will be enforceable in accordance with their terms. Referral Source represents that each transaction is being consummated with a legitimate, operating business entity.

6.    <u>Breach of Warranty or Representation.</u> To the best of their ability, Referral Source represents that all statements in any lease application or the lease are true and correct. If any of the warranties or representations or any other covenant, obligation or duty is breached by Referral Source or the lessee, then, upon ULI's demand, Referral Source will repurchase any lease to which the breach relates. The repurchase price in each case shall include the unpaid balance of such lease, plus ULI's expenses (including attorney's fees) incurred to enforce the lease or this Agreement.

7.    <u>Authority of Referral Source.</u> Referral Source is, and shall act as, an independent contractor, and as such, shall have no authority to incur any obligations or to make any statements or representations on behalf of ULI, or to bind or commit ULI in any manner, or to make, alter or execute any document or agreement on behalf of ULI. Referral Source shall not use ULI's name or any of ULI's trademarks as part of its firm, trade or corporate name. Referral Source shall not accept service of any legal process in any action, which may be brought against ULI, or employ attorneys to defend such.

8.    <u>Acts of Representatives.</u> It is understood by Referral Source that all of its duties and responsibilities arising out of this agreement extend as well to anyone acting on behalf of Referral Source. Referral Source specifically understands that in the event that it delegates any of its functions, such as obtaining

documentation or making other arrangements with regard to a transaction to others, including other vendors, Referral Source is still fully responsible for any and all such actions as if Referral Source had taken such actions itself.

9.  <u>Compensation of Referral Source.</u> In return for Referral Source's efforts in connection with any transaction submitted by Referral Source and accepted and closed (all lease documentation signed and funded by ULI, ULI shall, upon closing as defined earlier, pay to the Referral Source a fee of up to 2% of the net cap cost of the original equipment. Referral Source expressly agrees that a breach of any warranty, representation, covenant or obligation contained in this Agreement by Referral Source or any direct or indirect party to a transaction submitted to ULI, in addition to any other rights or remedies which ULI may possess, including termination of this Agreement, ULI shall be entitled to recover any and all sums paid or payable to Referral Source under this Agreement or in any other agreement between ULI and Referral Source.

10.  <u>Clawback.</u> In the case of early termination, default or repossession during the first 18 (eighteen) months of the terms of any given transaction, then Referral Source agrees to reimburse all sums paid back to ULI, within 10 business days of receipt of notification from ULI.

11.  <u>Expenses of Referral Source.</u> ULI shall not be liable for any expenses incurred by Referral Source in connection with any transaction submitted by Referral Source. Any and all such expenses shall be Referral Source sole responsibility.

12.  <u>Duration of Agreement.</u> This agreement shall be effective at the time of its execution by ULI and Referral Source and shall continue in effect until terminated by either party upon 30 days written notice. The rights and obligations of the parties hereunder with respect to transaction originated prior to termination of this agreement shall survive such termination.

13.  <u>Qualification of Referral Source.</u> Referral Source shall from time to time, upon request by ULI, submit such information to ULI as ULI deems appropriate in order to assure that Referral Source meets ULI's standards with respect to qualification to transact business with ULI.

14.  <u>Governing Law.</u> This Agreement shall be governed by, interpreted under, and construed and enforced in accordance with the internal laws (as opposed to the conflict of law provisions) of the State of Indiana, County of Vanderburgh. Referral Source unconditionally consents to the personal jurisdiction of the State of Indiana, County of Vanderburgh and consents to the jurisdiction of any local, state or federal court located within the State of Indiana, County of Vanderburgh. Venue shall be exclusively in any court in the State of Indiana, County of Vanderburgh. Referral Source also agrees to and does waive any objection relating to improper venue or forum non-conveniens. The parties agree to and do waive the right to trail by jury so that argument and a decision based thereon can be executively within the control of a judge.

15.  <u>Modifications and Amendments.</u> This Agreement may not be modified, changed or supplemented by Referral Source, nor may any obligations hereunder be waived or extensions of time for performance granted by Referral Source, except as provided herein or by written instruments signed by the party to be charged or by its agent duly authorized in writing or as otherwise expressly permitted herein. ULI reserves the right to modify this Agreement upon written notice to Referral Source.

16.  <u>Waivers and Extensions.</u> No waiver of any breach of any agreement or provision herein contained shall be deemed a waiver of any preceding or succeeding breach thereof or of any other agreement or provision herein contained. No extension of time for performance of any obligations or acts shall be deemed in extension of the time for performance of any other obligations or acts.

17.  <u>Attorneys Fees.</u> If any dispute (whether in court, by arbitration or otherwise) arises between the parties with respect to any matter arising from, relating to or covered by this Agreement, ULI shall be entitled to receive its reasonable attorney's fees, expert witness fees and out-of-pocket cost incurred in connection with such dispute, in addition to any other sums or relief.

18. **Assignment by Referral Source.** This Agreement and the rights, duties and obligations hereunder may not be assigned or delegated by the Referral Source without the prior written consent of ULI or its successor or assigns. Any assignment of rights or delegation of duties or obligations hereunder made by the Referral Source without the written consent of the ULI shall be void and be of no effect.

19. **Assignment By Company.** ULI may, without obtaining the consent of Referral Source, assign this Agreement and the rights, duties, and obligations of ULI hereunder to any successor and assigns of the ULI, whether by way of merger, consolidation, operation of law, assignment, purchase or other acquisition of all or substantially all of the ULI's assets or business. Any provision of this Agreement which is assumed shall be binding upon the inure to the benefit of the successor or assignee.

20. **Entire Agreement.** The terms of this Agreement are intended by the parties as a final expression of their agreement with respect to such terms as are included in this Agreement and may not be contradicted by evidence of any prior or contemporaneous agreement. The parties further intend that this Agreement constitutes the complete and exclusive statement of its terms and that no extrinsic evidence may be introduced in any judicial proceeding involving this agreement.

21. **Exclusivity Provision.** During the term of this Agreement and for one (1) year after the termination of this ~~Agreement, ULI warrants and~~ agrees not to solicit, investigate, engage or accept any financing opportunities and programs, leasing opportunities or programs, which are comparable in nature to the Tesla financing opportunities, leasing opportunities and programs, which were offered by Referral Source to ULI during the term of this Agreement. This exclusivity does not include one-off deals which may be financed by ULI and include a Tesla vehicle. ULI agrees to limit the amount of one-off deals outside of this Agreement to no more than 25 deals per year.

**BY SIGNING, YOU ACKNOWLEDGE, REPRESENTS AND/OR AGREE THAT YOU HAVE READ AND UNDERSTAND EVERY TERM AND CONDITION OF THIS AGREEMENT AND THAT THESE TERMS AND CONDITIONS REPRESENT OUR TOTAL AND COMPLETE UNDERSTANDING.**

**EVERY TERM AGREED TO AND**
**ACCEPTED BY:**

**EVERY TERM AGREED TO AND**
**ACCEPTED BY:**

**UNITED LEASING, INC.**

**Xcelerate Auto, LLC.**

Authorized
Signature: _Martha Ahlers_

Authorized
Signature: _____

Print
Name: Martha Ahlers

Print
Name: Alisha R. Gimbel

Title:  VP/COO

Title: _President_

Date: _____ 2/1/17

Date: _1/31/17_

Filed: 5/2/2022 10:58 AM
Clerk
Vanderburgh Superior Court 5                                        Vanderburgh County, Indiana

## APPEARANCE FORM (CIVIL)
### Initiating Party

Case Number: ___82D0 -2205-PL-___ 82D05-2205-PL-001942 _____ (File Stamp)

(Previously supplied by Clerk at the time of filing)

/  / Check if Pro Se.  NOTE:  This form is not required for pro se protective orders.

1.  ___United Leasing, Inc._____ 2. _____
    Name of first initiating party              Telephone of pro se initiating party
        (Supply names of additional pro se initiating parties on continuation page.)

3.  Attorney Information (as applicable for service of process):
    Name: Paul J. Wallace                    Attorney No. 989-82
    Address: Jones • Wallace, LLC            Phone: (812) 402-1600
    20 N.W. Third Street, Suite 400          Fax: (812) 402-7977
    P.O. Box 1065                            Email:  pwallace@joneswallace.com
    Evansville, Indiana 47706
        (Supply names for additional attorneys on continuation page.)

4.  Case type requested: ___Civil Plenary_____
        (See Administrative Rule 8(B)(3))

5.  Will responding party accept fax service:       Yes _____  No ___X___

6.  Social Security numbers of all family members in proceedings involving support
    issues:
    Name: _____ SS#: _____
    Name: _____ SS#: _____
    Name: _____ SS#: _____
    Name: _____ SS#: _____
        (Supply social security numbers for additional persons on continuation page.)

7.  Are there related cases:       Yes_____   No _____
    Name: _____ SS#: _____
    Name: _____ SS#: _____
    Name: _____ SS#: _____
    Name: _____ SS#: _____
        (Supply social security numbers for additional persons on continuation page.)

8.  Additional information required by state or local rule: _____
    _____
    _____
    _____
    _____